## Case No. 10,466.
### O'HARA v. HAWES.
[3 App. Com'r Pat. 247.]

Circuit Court, District of Columbia. Dec. 9, 1859.

PATENT OFFICE RULES—TESTIMONY IN CONTESTED CASES—POSTPONEMENT—DISPENSING WITH RULES.

[Certain rules of the patent office made in pursuance of act March 3, 1839, § 12 [5 Stat. 355], giving the commissioner power to make rules respecting the taking of testimony in contested cases, provide that upon the declaration of an interference a day will be fixed for the hearing of the case, previous to which the arguments must be filed; and, if either party wishes a postponement of either "the day for closing the testimony" or the day of hearing, he must within a certain time, by affidavit, show sufficient reasons, etc. Held, that such rules are binding upon the parties and the commissioner, and cannot be dispensed with by the latter so as to permit the introduction, against objections, of depositions taken after the day fixed for closing the testimony.]

[Appeal by James O'Hara from the decision of the commissioner of patents in the matter of interference declared between the application of said John L. Hawes and the said James O'Hara for an improvement in retort for distilling coal oil.]

MORSELL, Circuit Judge. The examiner's report of April 19, 1859, adopted by the acting commissioner as his decision, makes the following statement of the case: "On November 27, 1858, James O'Hara filed an application for an improvement in retorts for distilling oil from coal, which consisted in the application of an archimedean screw-stirrer in a vertical

retort or distilling tower where the screw did not occupy the whole cavity of the circular tower, and which left thereby a vacant space between the extremity of the blade of the screw and the internal surface of the wall of the retort. The screw by power is made to revolve and cause the continuous elevation of the central portions of the charge of coal, while at the same time the coal descends through the space between the screw and the wall of the retort. The claim is made for the employment in an upright retort for distilling coal of a revolving screw, of a circumference smaller than the interior of the retort, so applied that while by its revolution it produces a continuous elevation of the central portion of the charge it permits and causes a continuous descent of the surrounding portion by gravitation, and thus produces a positive, continuous, and uninterrupted upward and downward circulation, substantially as and for the purpose herein set forth. The office granted a patent to O'Hara for the above improvement, which was dated December 28, 1858. On March 8, 1859, John L. Hawes filed an application for an improvement in coal-oil retorts, in which the nature of the invention is substantially the same and the claim concludes in the same language with that described in the patent of O'Hara. Hawes filed a caveat in this office, dated November 27, being the same day on which O'Hara filed his application. Interference was declared by the office March 14, and the day of hearing fixed for April 18. No testimony to show priority is adduced by O'Hara, but in his argument stress is laid upon the fact of the contemporaneous filing of his application and of the filing of Hawes' caveat, and as the latter is presumed to relate to an incomplete invention that priority, therefore, rightly belongs to him, O'Hara. He also objects to the reception of any testimony offered by Hawes inasmuch as such was not forwarded to the office, one week before the day of hearing said interference and as the rule of the office points out the time for transmitting testimony, when such is received at a later date, he protests against its admissibility inasmuch as he had no opportunity to take any testimony to rebut any evidence sought to be adduced. Testimony from Hawes was filed in the office on the morning of April 18. without accompanying argument. This testimony has been received and allowed by the examiner because, although not in strict conformity with the office notice, yet it is not contrary to the rules of evidence, copies of which were forwarded to both parties, and because the law does not stringently declare what shall be the latest period for receiving testimony in cases of interference provided it be furnished before the day of hearing. Office rule 97 (Rules and Regulations) appears to contemplate a case such as the present, where a technical objection is raised by one party; and in this case with peculiar force, for O'Hara received notice of the time and place

for taking this testimony, the objection to which has been made by him and on the face of the depositions taken and forwarded by the justice. It appears that O'Hara and his attorney were present at the taking of testimony and offered no protest nor did O'Hara, by himself or attorney, forward any protest to the office before the day of hearing and thus give the office an opportunity to allow him to put in rebutting evidence. For the above reasons, therefore, it has been deemed but equitable to Hawes to receive the testimony on his part." The examiner then proceeds to state the substance of Hawes' testimony so received and admitted by the examiner and to overrule the objection made to the admissibility by the counsel of the appellant, which testimony seems to form the only ground on which he decides the point of priority in favor of said Hawes. This report was adopted and confirmed by the acting commissioner April 25, 1859, and priority of invention awarded to Hawes, and a patent ordered to issue to him.

Thirteen reasons were filed by the appellant for appealing from the said decision. Eight of them relate to the inadmissibility of the testimony offered and admitted on behalf of Hawes, the other part relates to the merits of the subject. As the reasons appear sufficiently special and extensive to cover all the objection for consideration it will not be necessary to state them particularly here. The acting commissioner in his reply and report, in the first part thereof, offers his answer as to the subject of the last part of the reasons. The subsequent part, in answer to the subject of the first eight reasons, is as follows: "It is objected that this testimony was taken in opposition to the rules of the office established in such cases; that, being taken after the Monday preceding the day of hearing, it should not have been considered. A copy of these rules made by virtue of section 12 of the act of congress of March 3, 1839, is herewith submitted as attached to the office circular, and an older office circular (with the rules) also in use is also submitted. In this case it happened that the newer office circular fixing the day of closing the testimony on the Monday previous to the day of hearing was sent to O'Hara, while Hawes received the older circular, in which the day of closing testimony is not fixed. It may be remarked that the fixing a day of closing the testimony is not directed in the rules, but is rather an office regulation based upon the rules. Upon the hearing of the interference it was found, on examination of the papers, that Hawes had not received from the office any limitation of the period of taking testimony, provided it was taken before the day of hearing, as an inspection of the above-mentioned older office circular will indicate. Inasmuch, then, as Hawes, by official notice, was not limited, it was not deemed equitable to adhere to the more usual and newer regulation fixing the limit at the Monday previ-

ous; and, as he had really complied with the official notice forwarded to him, the testimony was allowed and taken into consideration, and in so doing it was deemed that no injury could result to O'Hara therefrom, for the record of the testimony shows that O'Hara was notified of the time of taking such testimony, was present at the taking, and did not then object to the reception of said testimony, and it is to this new objection at that time by O'Hara, that the examiner alluded in the report upon the interference made by him to the commissioner. This omission to urge the objection to receiving said testimony would operate to place O'Hara subject to clause 90 of the rules and regulations of this office, and to make his subsequent objection a technical rather than an equitable one," etc.

This is the case, with all the original papers and evidence, etc., as laid before me by the commissioner at the time and place of hearing, when also the parties appeared by their counsel, filed their respective arguments, and submitted the case. The preliminary question raised by the objection to the admissibility of the testimony is rested upon the ground that it was not taken according to the rules and regulations of the patent office on that subject. Those rules were made by the commissioner under the authority of the act of congress of March 3, 1839, § 12, which says, "That the commissioner of patents shall have power to make all such regulations in respect to the taking of evidence to be used in contested cases before him as may be just and reasonable." In a contested case such as this is, the rules and regulations on the subject of taking evidence are binding upon the parties, and each party is entitled to the benefit of them, and, until abrogated, are as binding upon the commissioner himself, as much so as they would be if enacted in so many words in the statute itself. The parties therefore have a legal right to claim that the evidence should be taken according to said rules and regulations; and, in the admission or rejection of the testimony on the trial, the commissioner has no right to vary or adopt any other rule for any special case. The circular in this case sent to the appellant was the one which the commissioner calls the "new one," and it provides, in express terms, that the taking of the testimony must be closed on the Monday next before the day appointed for the trial, which was April 18. The notice given to him by the appellee to attend the taking of the testimony stated the time to be on April 11, a day after the day limited for the closing thereof, and, without giving the names of the witnesses intended to be examined, gave but that short interval to take his rebutting evidence and to file the required argument before the commissioner. This seems to me to be hardly reasonable time, even if there had been no time limited by the rule. To obviate this objection, the commissioner says there

were two circulars, which he calls the "old" and the "new," and that there was no time limited in one of them for closing the testimony, and that it was this latter kind that was sent to the appellee. If such was the case, did not the subsequent rule limiting the time modify the old regulation? Otherwise the evil which has happened in this case might constantly occur. The commissioner says that it may be remembered that the fixing a day of closing the testimony is not indicated in the rules, but is rather an office regulation, based upon the rules. In this it would appear that the commissioner is mistaken. The forty-second and forty-third rules are to this effect: "Upon the declaration of an interference a day will be fixed for the hearing of the cause." Previous to this latter day, the arguments of counsel must be filed, if at all. "If either party wishes a postponement of either the day for closing the testimony or the day of hearing, he must, before the day he thus seeks to postpone is past, show by affidavit a sufficient reason for such postponement." These rules seem to me too imperative to permit of the equitable rule which seems to have been on the mind of the commissioner. It is also said that the appellant was present, and did not object. There is no evidence that he consented, but the reverse, as he would not act even to cross-examine the witnesses.

I am entirely satisfied, therefore, that the acting commissioner erred in admitting the testimony in evidence, and that, the said evidence being so inadmissible, the award of priority to the appellee ought not to have been made, and that said decision ought to be reversed, annulled, and set aside, and the same is hereby so done.